**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Jeffrey S. Windle

v.                                    Civil No. 15-cv-298-JL

Federal Correctional Institution-Berlin
Warden Esker Tatum

## REPORT AND RECOMMENDATION


Federal prison inmate Jeffrey S. Windle filed a petition for a writ of habeas corpus (doc. no. 1) under 28 U.S.C. § 2241, challenging his sentence, imposed in June 2009 in the District of Massachusetts, after Windle pleaded guilty to each count of a twenty-four count superseding indictment.  Windle's petition is before this court for preliminary review to determine if it is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).


## Background

In June 2008, a federal grand jury in the District of Massachusetts returned a fifteen-count indictment charging Windle with mail fraud, wire fraud, tax evasion, and money laundering.  In November 2008, the grand jury returned a

superseding indictment charging Windle with ten counts of mail
fraud, in violation of 18 U.S.C. §1341 (Counts 1 through 5 and
16 through 20); five counts of wire fraud, in violation of 18
U.S.C. §1343 (Counts 6 through 10); five counts of money
laundering, in violation of 18 U.S.C. §1957 (Counts 11 through
15); and three counts of tax evasion, in violation of 26 U.S.C.
§7201 (Counts 21 through 24).  Windle pleaded guilty to all
twenty four counts in the superseding indictment in March 2009.
In June 2009, the court sentenced Windle to 180 months
imprisonment and three years of supervised release based on
Windle's guilty plea, and the First Circuit summarily affirmed
that sentence on June 17, 2010.  See United States v. Windle,
No. 09-1962 (1st Cir. June 17, 2010).  The record before this
court, and this court's review of PACER, indicate that Windle
has not filed a motion challenging the validity of his
conviction or sentence under 28 U.S.C. § 2255.  In his § 2241
petition here, Windle argues that his sentence is invalid, as
one day after Windle's sentencing hearing, the government
dismissed the fifteen count indictment that had been superseded
by the twenty-four counts to which Windle had pleaded guilty.

## Discussion

### I.  Savings Clause Jurisdiction

In general, the court in which a federal defendant was

convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante. . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  If

nothing prevented the petitioner from raising his § 2241 claims
in a first § 2255 motion, he cannot prevail in asserting that
the § 2255 process has been inadequate or ineffective to
challenge his detention.  See generally Bryant, 738 F.3d at
1272; see also Barrett, 178 F.3d at 53.  Recourse to the savings
clause is allowed "in rare and exceptional circumstances, such
as those in which strict adherence to AEDPA's gatekeeping
provisions would result in a 'complete miscarriage of justice,'"
such as cases involving a "credible allegation of actual
innocence."  Trenkler, 536 F.3d at 99 (citation omitted).

     Windle argues that he first became aware of the basis of
the claims asserted in the § 2241 petition only recently, while
reviewing records from his criminal case.  Windle further
asserts that the government's dismissal of Counts 1-15 renders
him innocent of the charges that formed part of the basis of his
sentence, and that the government has conceded in an unrelated
case that there may be savings clause jurisdiction over cases
challenging the validity of a sentence under certain
circumstances.  None of Windle's arguments, however, provide
this court with savings clause jurisdiction over his claims.
Windle has provided this court with the judgment entered in his
criminal case, dated June 24, 2015, which specifically states
that the government dismissed Counts 1-15 of the original

indictment, and that Windle was convicted of Counts 1-24 in the superseding indictment.  Windle points to no controlling law in the First Circuit that foreclosed him from arguing in a § 2255 motion filed after that date, that Windle's sentence was rendered invalid by the dismissal of Counts 1-15.  Where Windle was not precluded from asserting the claims at issue in a § 2255 motion, Windle cannot demonstrate that the remedy available under § 2255 is inadequate or ineffective in his case.

Windle seeks to invoke this court's § 2241 jurisdiction by asserting that the dismissal of Counts 1-15 renders him innocent of those charges.  Actual innocence, however, "'means factual innocence, not mere legal insufficiency" (quoting Bousley v. United States, 523 U.S. 614, 623 (1998))).  Windle has failed in this court to set forth specific facts showing that he did not commit the crimes upon which his sentence was based. Accordingly, Windle has not stated a claim of actual innocence upon which savings clause jurisdiction might be founded.  Cf. House v. Bell, 547 U.S. 518, 537 (2006) (gateway actual innocence claims generally assert that "in light of new evidence 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'" (citation omitted)).

**Conclusion**

For the foregoing reasons, the district judge should dismiss Windle's petition (doc. no. 1) for lack of jurisdiction, without prejudice to Windle's ability to assert the same claims in a § 2255 motion in the District of Massachusetts.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesus-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge

October 15, 2015

cc:  Jeffrey S. Windle, pro se
     Seth R. Aframe, Esq.